# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | | |
|---|---|---|---|
| CLAUDE J. FEAGINS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 2:19-CV-036-RLJ-MCLC |
| | ) | | |
| RICHARD VENABLE, CHRISTY FRAZIER, SULLIVAN COUNTY COMMISSIONERS, CORRECTIONAL OFFICER CRUMBLE, and SULLIVAN COUNTY, | ) ) ) ) ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On June 19, 2019, the Court entered an order screening the complaint and providing that Plaintiff had twenty days from the date of entry of the order to file an amended complaint [Doc. 8 p. 4–5]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss this action [*Id.* at 5]. More than thirty days passed, however, and Plaintiff did not file an amended complaint, but did file a notice of change of address [Doc. 10]. Accordingly, on July 22, 2019, the Court entered an order directing the Clerk to resend the previous order to Plaintiff's updated address, requiring Plaintiff to show good cause as to why this action should not be dismissed for failure to prosecute and/or failure to comply with Court orders within fifteen days of entry of that order, and notifying Plaintiff that if he failed to timely comply therewith, this action would be dismissed [Doc. 11 p. 1–2]. More than twenty days have passed, however, and Plaintiff has not complied with this order or otherwise communicated with the Court. As such, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, as set forth above, it appears that Plaintiff received the Court's previous orders, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [*Id.*].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. The Court granted Plaintiff leave to proceed *in forma pauperis* in this matter [Doc. 8] and Plaintiff is not complying with the Court's orders or communicating with the Court.

For the reasons set forth above, this action will be **DISMISSED** pursuant to Rule 41(b) and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

s/ Leon Jordan
United States District Judge
